UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

Noel P. Cohen III, *a natural person;*

2016 JUL 11  A 10: 41

Plaintiff,

CASE NUMBER: _____

[vs.]

SPECIALIZED LOAN SERVICING;
And PHELAN HALLINAN & DIAMOND, PC.

**PLAINTIFF'S VERIFIED
CLAIM FOR DAMAGES**

Defendants.

## I. INTRODUCTION

**COMES NOW**, a consumer Noel P. Cohen III, who is defined as a *natural person*, who is a man, for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(3) (hereinafter "FDCPA") hereby files its verified claim for Damages pursuant to Fed. R. Civ. Proc. §15 against the Defendants "SPECIALIZED LOAN SERVICING and "PHELAN HALLINAN & DIAMOND, P.C.", as follows;

1. This is an action for actual and statutory damages brought by Plaintiff Noel P. Cohen III, a consumer, against Defendants "SPECIALIZED LOAN SERVICING and "PHELAN HALLINAN & DIAMOND, P.C, Debt Collectors for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

1

### III. PARTIES

3. Plaintiffs, Noel P. Cohen III (hereinafter "Cohen") is a natural person his place of abode is at New Jersey. "Cohen" is the subject of debt collection activity.

4. Defendant, SPECIALIZED LOAN SERVICING, (hereinafter "SLS") is a corporation with a principal place of business at 8742 Lucent Blvd. Suite 300, Highlands Ranch, CO 80129. "SLS" is a "Debt Collector" as defined in 15 U.S.C. §1692(a)(6).

5. Defendant "PHELAN HALLINAN & DIAMOND, PC.", (hereinafter "PHELAN") is a practicing law firm with offices located at 400 Fellowship Road, Suite 100 Mt. Laurel, New Jersey 08054. Defendant "PHELAN" is a "Debt Collector" as defined in 15 U.S.C. §1692(a)(6).

6. Defendants "SLS" and "PHELAN" are engaged in the collection of debts from consumers using the mail and telephone. Defendants principal purpose is debt collection who regularly collects debts owed or due another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

### IV. FACTUAL UNDISPUTED VERIFIED CLAIMS

8. This suit arises out of the illegal conduct and behavior of defendants' abusive actions in the collection of an alleged debt. For the purposes of this suit the plaintiff is a "creditor" as defined § 1692(4) since the conduct of the defendants resulted in actual damages demanded and due the consumer pursuant to § 1692(k)(1).

9. Defendant "PHELAN" alleges Noel P. Cohen III created, executed, and delivered a note to AMERICAN HOME MORTGAGE on October 20, 2006. The debt was incurred for *personal, family, or household purposes* and not for commercial purposes, capital gains and or profit.

10. U. S. Bank N.A. initiated a debt collection in the Superior Court of New Jersey Hudson County pursuant to Docket No. F-12661-09. The debt collection action masquerading as a foreclosure action is an attempt to collect a debt as defined in 1692a(5). The action filed by defendant "PHELAN" is an attempt to collect an allege debt.

11. Defendant "SLS" on May 5, 2016 sent a "NOTICE OF SERVICING TRANSFER" to Plaintiff. The "notice" was an initial communication as defined in §1692g(b). (See, "Exhibit A")

12. June 13, 2016 the Plaintiff served/dispatched a Notice of Dispute pursuant to §1692g(a)(1)(2). (See, "Exhibit B") The notice requires defendants "SLS to obtain *verification* and *validation* of the alleged debt from the ORIGINAL creditor and to cease all collection activities pursuant to §1692g(c)(c). Consequently, the Plaintiff has received no such verification or validation of the alleged debt.

13. On March 18th, 2016 Plaintiffs served/dispatched a Notice to defendants "PHELAN" to cease all collection activities pursuant to §1692g(c)(c) the unwritten but implied message to plaintiff is that in the event they don't accept the demand, collection would continue unabated, as it in fact did. Plaintiff on (3) three separate occasions made attempts to settle the matter privately for "PHELAN" failing to get prior consent to communicate with the Consumer and specifically and for failing to cease and desist their collection activity, 1692k defines liability statute for actual damages sustained by a consumer. This subsection also does not require a consumer to file suit. 1692k(a)(1). For Defendants illegal failure to obtain prior consent pursuant to§1692g(c)(a), Plaintiffs, "Cohen" have assessed actual damages of $14,500. (See Exhibit "C)

14. Defendants have engaged in abusive behavior, trespass in plaintiff's private commercial affairs as well as to harass and invade plaintiff's privacy. Defendants "SLS" and "PHELAN" has threatened to foreclose on plaintiffs personal, family, or household consumer goods known as 68 Danforth Avenue, Jersey City, NJ 07305.

15. Plaintiff seeks the courts administrative powers to conduct a limited judicial review of plaintiff's enforcement of its "*private right of action*" provided within the FDCPA.

16. As a result of the acts alleged above, Plaintiff suffered headaches, nausea, embarrassment, and insomnia as a result of the Defendants conduct and behavior.

17. Plaintiff's action before this court is to recover actual damages, cost, fees, and expenses incurred by Plaintiff prior to and during the pendency of this action. Plaintiff therefore seeks damages as a result of defendant's conduct and behavior.

## *V. CLAIM FOR RELIEF*

18. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. "Cohen" at all times relevant did not give defendants "SLS" permission to communicate with him nor did defendants obtain the express permission from a court of competent jurisdiction to communicate with plaintiff as defined in 1692(c)(a).

20. Defendants "SLS" and "PHELAN" violated subsection §1692c(c) by failing to cease collection of a debt. Defendants continued collection of the alleged debt without ceasing their collection actions.

21. Defendants "SLS" and "PHELAN" violated subsection §1692g(a) by failing to verify and validate the alleged debt.

22. Defendants violated subsection §1692(i) by attempting to enforce an interest in real property in an improper venue.

23. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff "Cohen" for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs, fees and expenses.

**WHEREFORE**, Plaintiff Scott Harris seeks judgment from the court ratifying its claims to be entered against defendants "SPECIALIZED LOAN SERVICING" and "PHELAN HALLINAN & DIAMOND, PC." for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;
B. Statutory damages; $1,000
C. Actual damages; $4,500
D. Actual Damages; $500,000
E. Costs, fees, and expenses prior to and ongoing;
F. Plaintiff further seeks judgment from the court that the defendant ceases any further debt collection activity in compliance with plaintiffs' injunctive relief 1692(c)(c ).
G. For such other and further relief as the Court may deem just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Noel P. Cohen III demands trial by jury in this action.

Respectfully submitted,

Dated: July 8, 2016

By_____
Noel P. Cohen III, Consumer Plaintiff
8 Danforth Avenue,
Jersey City, NJ 07305.
917-553-9212