NOT FOR PUBLICATION (Docs. No. 10, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Noel P. COHEN, III, | : | Civil No. 16-4234 (RBK/JS) |
| Plaintiff, | : | **Opinion** |
| v. | : | |
| SPECIALIZED LOAN SERVICING, et al., | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

Plaintiff Noel P. Cohen, III ("Plaintiff"), *pro se*, brings claims against Defendants Specialized Loan Servicing ("SLS") and Phelan Hallinan & Diamond, P.C. ("PHDJ") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter is before the Court upon SLS's and PHDJ's respective Motions to Dismiss (Docs. No. 10, 13). For the reasons set forth in this Opinion, SLS's Motion is **GRANTED IN PART**, and PHDJ's Motion is **GRANTED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of a mortgage loan that Plaintiff took out on October 20, 2006. Compl. ¶ 9. Plaintiff alleges that, following a foreclosure action initiated by the U.S. Bank National Association in the Superior Court of New Jersey, Hudson County, Defendants engaged in collection practices that violated the FDCPA. *Id.* ¶ 10. In particular, Plaintiff pleads that PDHJ continued attempting to collect the debt even after Plaintiff sent a notice to cease all collection activities. *Id.* ¶ 13. With regards to SLS, the Complaint alleges that it failed to obtain verification

1

of the debt: SLS sent a letter to Plaintiff on May 26, 2016 stating it had been transferred servicing rights to the loan, Plaintiff responded with a notice of dispute on June 13, 2016 requesting verification and validation of the debt, and SLS purportedly never provided such verification. *Id.* ¶¶ 11–12.

Plaintiff filed a Complaint on July 11, 2016 bringing claims under 15 U.S.C. §§ 1692c(a), 1692c(c), 1692g(b), and 1692i of the FDCPA (Doc. No. 1). *Id.* ¶¶ 20–22. On August 23, 2016 and September 2, 2016, SLS and PHDJ each brought respective Motions to Dismiss (Docs. No. 10, 13).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.  DISCUSSION

#### A.  *Rooker-Feldman* Abstention

SLS and PHDJ argue that the *Rooker-Feldman* doctrine bars Plaintiff's claims from this Court. The Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), established the basic principle that a federal district court cannot exercise jurisdiction if it would result in "overturn[ing] an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). According to the Third Circuit:

> there are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of

3

>injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments . . . . The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284).

Courts in this District have declined to exercise jurisdiction where the matter directly challenged a state foreclosure decision. *See, e.g.*, *Hua v. PHH Mortg. & Phelan Hallinan & Diamond*, No. Civ. 14-7821 (JBS/AMD), 2015 WL 5722610, at *6 n.9 (D.N.J. Sept. 29, 2015); *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. Civ. 13-7062 (FSH), 2014 WL 2711177, at *3 (D.N.J. June 16, 2014). The *Rooker-Feldman* doctrine, however, does not bar a claim where the plaintiff is not "attempting to solicit direct federal review of the [state] courts' decisions." *Conklin v. Anthou*, 495 F. App'x 257, 262 (3d Cir. 2012). Plaintiff here attacks not the foreclosure decision itself but the practices used by Defendants to collect the debt. As such, *Rooker-Feldman* does not apply and is not grounds to bar the matter from proceeding.

### B.  *Colorado River* Abstention

SLS additionally argues that the Court should abstain from hearing the case under *Colorado River*. Pursuant to *Colorado River* abstention, a federal court may abstain from asserting jurisdiction where: (1) "there is a parallel state proceeding that raises substantially identical claims [and] nearly identical allegations and issues," and (2) "'extraordinary circumstances' meriting abstention are present" pursuant to a multifactor test. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009) (internal quotations and citations omitted). Federal and state proceedings are parallel where they "involve the same parties and substantially identical claims, raising nearly identical allegations and issues, and

4

when plaintiffs in each forum seek the same remedies." *Golden Gate Nat. Sr. Care, LLC v. Minich* ex rel. *Estate of Shaffer*, 629 F. App'x 348, 350 (3d Cir. 2015) (internal quotations and citations omitted).

SLS contends that courts in this District have invoked *Colorado River* abstention in cases where there was a concurrent state foreclosure action. *See, e.g.*, *Ruffolo v. HSBC Bank USA, N.A.*, No. Civ. 14-638 (MAS)(DEA), 2014 WL 4979699, at *4 (D.N.J. Oct. 3, 2014); *Benedict v. Jpmorgan Chase Bank, N.A*, No. Civ. 15-2293 (FLW), No. Civ. 15-3343 (FLW), 2016 WL 310752, at *2 (D.N.J. Jan. 26, 2016). Those federal proceedings, however, involved claims that were also present in the parallel state proceeding; those plaintiffs for example challenged the standing of the defendants in the underlying foreclosure suit. *Id.* This matter, by contrast, does not dispute the foreclosure itself but how Defendants collected the debt following the foreclosure decision. Because the federal and state cases here do not contain substantially identical claims, this Court will not refrain from asserting jurisdiction under *Colorado River*.

### C. FDCPA

The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). A plaintiff bringing an FDCPA claim must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Because the FDCPA is a remedial statute, courts construe it broadly. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). Courts should analyze "[l]ender-debtor communications potentially giving rise to claims under the FDCPA" under the

"least sophisticated debtor" standard. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). This is not a standard of reasonableness, because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. Although the standard is low, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692c(a), 1692c(c), 1692g(b), and 1692i of the FDCPA. The Court addresses each claim in turn.

### A. Section 1692c(a)

Plaintiff first asserts that he did not give SLS permission to communicate with him in violation of § 1692c(a). Section 1692c(a) requires a debt collector to obtain consent prior to contacting a consumer in certain situations: where the time or place is unusual, the debt collector knows the consumer is represented by an attorney, and at the consumer's place of employment. The Complaint provides no indication that any of those situations apply here. As such, the Court dismisses the claim under § 1692c(a) without prejudice.

### B. Section 1692c(c)

Section 1692c(c) requires a debt collector to cease further communication with the debtor under certain circumstances. In particular, § 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay
> a debt or that the consumer wishes the debt collector to cease further
> communication with the consumer, the debt collector shall not communicate
> further with the consumer with respect to such debt, except--

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

Plaintiff here asserts that SLS and PHDJ continued attempting to collect the debt after he told them to cease further communications. The pleadings, however, provide only a formulaic recitation of provision § 1692c(c), and contain no supporting factual matter. Because Rule 12(b)(6) requires more to make out a plausible claim for relief, the Court dismisses this claim without prejudice.

### C.     Section 1692g(b)

Plaintiff alleges that Defendants SLS and PHDJ failed to verify and validate the debt upon Plaintiff's notification.[1] Section 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

Thus, once a consumer exercises the statutory right to dispute the debt, the debt collector must cease collection activities until providing verification of the debt. *See, e.g.*, *Zaborac v. Phillips & Cohen Assoc., Ltd.*, 330 F. Supp. 2d 962, 966 (N.D. Ill. 2004).

SLS contends that upon receiving Plaintiff's notice of dispute it responded with a letter verifying the debt, and attaches a copy of the letter to its Motion to Dismiss. In considering a Rule 12(b)(6) motion to dismiss, a court may consider only the allegations of the complaint,

---

[1] The Complaint appears to mistakenly allege a violation of § 1692g(b) as § 1692g(a). Compl. ¶ 21.

documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. *See Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007). If matters outside the pleadings are presented to the court, the court has discretion to either convert the motion to dismiss into a motion for summary judgment, or ignore the matters outside the pleadings and continue to treat the filing as a motion to dismiss. *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000). For the court to convert the motion to one for summary judgment, both parties must (1) have notice that the motion could be treated as one for summary judgment, and (2) have been given a reasonable opportunity to present relevant materials. Fed. R. Civ. P. 12(c); *see Carver v. Plyer*, 115 F. App'x 532, 536–37 (3d Cir. 2004). The Court here will exercise its discretion to first provide the parties notice and then convert SLS's Motion to Dismiss the § 1692g(b) claim to a motion for summary judgment.

Regarding Plaintiff's § 1692g(b) claim against PHDJ, Plaintiff never asserts that he wrote to PHDJ to dispute the debt and trigger PHDJ's obligation to obtain verification. The Court thus dismisses the § 1692g(b) claim against PHDJ without prejudice.

### D. Section 1692i

Plaintiff also alleges a violation of § 1692i, which requires that an action to enforce an interest in real property securing the consumer's obligation be brought "only in a judicial district or similar legal entity in which such real property is located." In this case, the underlying foreclosure action was brought in New Jersey Superior County, Hudson County by a third party, U.S. Bank National Association, and there is no evidence that SLS or PHDJ initiated the suit. Thus, neither Defendant brought an action to enforce an interest in real property of Plaintiff's to trigger § 1692i, and the Court dismisses this claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, SLS's Motion to Dismiss is **GRANTED IN PART**. PHDJ's Motion to Dismiss is **GRANTED**.


Dated:   1/20/2017                                          s/ Robert B. Kugler

                                                            ROBERT B. KUGLER

                                                            United State District Judge