NOT FOR PUBLICATION (Doc. No. 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| Noel P. COHEN, III, | : | Civil No. 16-4234 (RBK/JS) |
| | : | |
| Plaintiff, | : | **Opinion** |
| | : | |
| v. | : | |
| | : | |
| SPECIALIZED LOAN SERVICING, et al., | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on *pro se* Plaintiff Noel P. Cohen, III's ("Plaintiff") Complaint against Defendants Specialized Loan Servicing ("SLS") and Phelan Hallinan & Diamond, P.C. ("PHDJ") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Currently before the Court is SLS's Motion to Dismiss the claim under 15 U.S.C. § 1692g(b) (Doc. No. 10), which the Court converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) (Docs. No. 22, 23). For the reasons stated herein, SLS's Motion is **GRANTED**.

**I.  BACKGROUND**

**A.  Facts**

The Court provides the facts relevant to the claim under 15 U.S.C. § 1692g(b). Plaintiff took out a mortgage loan on October 20, 2006. Compl. ¶ 9. U.S. Bank National Association subsequently initiated foreclosure proceedings in the Superior Court of New Jersey, Hudson County on December 2, 2013 and obtained a judgment. *See generally* Def.'s Br., Ventura Decl.

Exs. 2–3. Plaintiff alleges that SLS failed to verify the debt after Plaintiff sent a cease and desist letter disputing the debt. Compl. ¶ 12.

### B. Procedural History

Plaintiff brought a Complaint on July 11, 2016, asserting multiple violations of the FDCPA (Doc. No. 1). SLS filed a Motion to Dismiss on August 23, 2016 (Doc. No. 10). The Court issued an Opinion and Order regarding the Motion on January 20, 2017 that converted the Motion to Dismiss the claim under 15 U.S.C. § 1692g(b) to one for summary judgment (Docs. No. 22, 23). The Court provided the parties twenty-one days to present relevant materials.

## II. LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to

2

successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.     DISCUSSION

The FDCPA provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Because the FDCPA is a remedial statute, courts construe it broadly. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). Courts should analyze "[l]ender-debtor communications potentially giving rise to claims under the FDCPA" under the "least sophisticated debtor" standard. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). This is not a standard of reasonableness, because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. Although the standard is low, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Section 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall

3

>   cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

Thus, once a consumer exercises the statutory right to dispute the debt, the debt collector must cease collection activities until it supplies verification of the debt. *See, e.g.*, *Zaborac v. Phillips & Cohen Assoc., Ltd.*, 330 F. Supp. 2d 962, 966 (N.D. Ill. 2004). A verification is sufficient if it informs the debtor of "the amounts of his debts, the services provided, and the dates on which the debts were incurred." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

SLS submits that it sent Plaintiff verification of the debt after it received Plaintiff's cease and desist letter. SLS attaches a letter dated July 2, 2016 that encloses the promissory note, deed of trust, notice of servicing transfer, and payment history. *See* Def.'s Br., Ventura Decl. Ex. 5. These documents suffice to inform Plaintiff of the amount, nature, and date of the debt at issue. Plaintiff does not otherwise allege that SLS engaged in collection activities between his cease and desist letter and SLS's verification letter. As such, the Court dismisses the claim under § 1692(a).

### IV.   CONCLUSION

For the reasons expressed above, Defendant's Motion to Dismiss the claim under 15 U.S.C. § 1692g(b), which the Court converted to a motion for summary judgment, is **GRANTED**.

Dated:   2/16/2017                                                                          s/ Robert B. Kugler
                                                                                                         ROBERT B. KUGLER
                                                                                                         United State District Judge